IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENEE ZONA and FLOYD CALHOUN,

      Plaintiffs,                          CASE NO.:  23-CA

vs.

HARRY P. STINESPRING IV, RESIDENTIAL
ASSET MANAGEMENT, INC D/B/A VINTAGE
REAL ESTATE SERVICES, IQ DATA
INTERNATIONAL, INC

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, RENEE ZONA and FLOYD CALHOUN ("Plaintiffs"), files suit against Defendants, HARRY STINESPRING ("HS"), RESIDENTIAL   ASSET MANAGEMENT, INC D/B/A VINTAGE  REAL ESTATE SERVICES ("VINTAGE"), IQ DATA  INTERNATIONAL, INC  ("IQ DATA", together as "Defendants"), and as grounds therefore  states:

## INTRODUCTION

1.       Counts I, III, V, VII respectively, are based on Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq*. ("FDCPA").

2.       Counts II, IV, VI, and VIII, IX, and X respectively, are based on Plaintiff's claims under the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55, et seq. ("FCCPA")

## JURISDICTION AND VENUE

3.       This is an action for damages that exceeds $50,000.00, exclusive of interest, costs, and attorney's fees.

4.       This court has jurisdiction over the FDCPA claim as it is a court of competent jurisdiction pursuant to 15 U.S.C. 1692k.

5.      This court has jurisdiction over the FCCPA cause of action pursuant via this Court's Supplemental Jurisdiction.

6.      Venue is proper as the alleged actions arise from the attempts to collect a debt associated with property located within this district and all Defendants, HS, VINTAGE, and IQ DATA, respectively, conduct business in the District.

## PARTIES

7.      Plaintiffs, RENEE ZONA (RZ) and FLOYD CALHOUN (FC), were tenants at 6604 Dolphin Cove Dr., Apollo Beach, FL 33572 ("subject property").

8.      This property is owned by Defendant, HS. Defendant HS is an individual, who resides in Crystal Lake Illinois. HS has submitted himself to the jurisdiction of this county and the state of Florida by owning the subject property in this state at the time of the facts and occurrences contained herein. Upon information and belief, HS is a licensed attorney in the state of Illinois.

9.      Defendant, HS, engaged Defendant, VINTAGE, to act as his property manager for the rental of the subject property. Vintage is a for Profit Corporation formed under the laws of the state of Florida. Vintage at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida. Upon information and belief, Defendant is engaged in the business of collecting consumer debts, acting as a Property Manager, to consumers in the state of Florida and in Hillsborough County, Florida.

10.     Defendant, VINTAGE, engaged Defendant, IQ DATA, to collect amounts allegedly owed to it and its clients. Defendant, IQ DATA, is a Washington corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida. Upon information and belief, Defendant is engaged in the business of collecting consumer debts, acting as a Debt Collector, to consumers in the state of Florida and in Hillsborough County, Florida

## FACTUAL ALLEGATIONS

11.    At all times relevant, Defendants, HS, VINTAGE, and IQ DATA, conducted business in the State of Florida within this judicial district.

12.    Defendant VINTAGE engages in debt collection, as defined by the FDCPA and FCCPA, in the State of Florida.

13.    Defendant IQ DATA engages in debt collection, as defined by the FDCPA and FCCPA, in the State of Florida.

14.    Defendant HS is a person who has attempted to collect debts owed to him through third party agents and is liable for their actions.

15.    At no time did RZ enter into a business relationship with Defendant VINTAGE.

16.    At no time did RZ enter into a business relationship with Defendant IQ DATA.

17.    At no time did RZ enter into a business relationship with Defendant HS.

18.    At no time did FC enter into a business relationship with Defendant VINTAGE.

19.    At no time did FC enter into a business relationship with Defendant IQ DATA.

20.    At no time did FC enter into a business relationship with Defendant HS.

21.    Plaintiffs allegedly, pursuant to communications received from all Defendants, owe a consumer debt as that term is defined by both the FDCPA and FCCPA.

22.    Plaintiffs are consumers as that term is defined by both the FDCPA and the FCCPA.

23.    Defendant, HS, is a creditor as that term is defined by both the FDCPA and the FCCPA.

24.    Defendant, VINTAGE, is a debt collector as that term is defined by both the FDCPA and the FCCPA.

25.     Defendant, IQ DATA, is a debt collector as that term is defined by both the FDCPA and the FCCPA.

26.     Within the last year, Defendant, VINTAGE, attempted to collect consumer debts from Plaintiffs.

27.     Within the last year, Defendant, IQ DATA, attempted to collect consumer debts from Plaintiffs.

28.     Within the last year, Defendant, HS, attempted to collect consumer debts from Plaintiffs through third parties.

29.     Defendant, VINTAGE, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

30.     Defendant, IQ DATA, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

31.     During the course of its attempts to collect debts owed or due or asserted to be owed or due another, Defendant, VINTAGE, sent both Plaintiffs bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication,  such as by telephone and facsimile.

32.     During the course of its attempts to collect debts owed or due or asserted to be owed or due another, Defendant, IQ DATA, sent both Plaintiffs bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication,  such as by telephone and facsimile.

33.     Defendant, VINTAGE, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

34.     Defendant, IQ DATA, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

35.     Defendant, HS, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

36.     Plaintiffs' alleged debts to the Defendants arise from transactions for personal, family, and household purposes.

37.     On or about October 28, 2021, Plaintiffs and Defendant, HS, entered into a residential lease agreement where the Plaintiffs would rent the subject property from Defendant HS (copy attached as Exhibit "A").

38.     This lease agreement called for a security bond in lieu of a cash security deposit. The bond was in the amount of $4250.

39.     As stated in that lease agreement, if a claim is made on the security deposit, the Plaintiffs had 15 days to object to any claim. The lease is clear, only if the Plaintiffs did not reply to this claim request would Defendant HS be allowed to collect the alleged sums due. Further, the lease indicates (wrongly) that the only way to recover a disputed amount was to file a lawsuit claiming a refund.

40.     The lease went on further to describe the surety bond component. In that addendum, the Defendant HS indicated that a security deposit was required, but that it could be reduced or eliminated by "purchasing a surety bond from Assurant's FlexDeposit program."

41.     In that addendum it was clear, the surety bond was to be used in lieu of a security deposit, and that the claim procedure against the bond would be the same as a security deposit.

42.     The lease further states that "[u]nless the carpet is cleaned in the manner provided herein, Landlord reserves the right to use a portion of the Security Deposit to professionally re-clean the carpets subject to statutory notice provisions."

43.     On or about October 31, 2022, Plaintiffs vacated the subject property.

44.     On November 11, 2022, the Defendant HS, through Defendant VINTAGE, sent a Notice of Intention to Impose Claim on Security Deposit. A true and correct copy is attached as Exhibit B. This was received on November 16, 2022.

45.    This notice included an amount due of $6743.85, and included an "Inspection Fee" of $150 and $6586 in unitemized "damages."

46.    Within 10 days - on November 25, 2022 - the Plaintiffs disputed the claim on the security deposit, attached as Exhibit C.

47.    On December 7, 2022, Defendant HS, through his agent Defendant VINTAGE, acknowledged receipt of the objection the claim of the security deposit. A true and correct copy is attached as Exhibit D.

48.    Within 2 weeks, on or about January 3rd, 2023, the Plaintiffs received 2 dunning notices to the Plaintiffs seeking to collect an amount due and owing from FLEX DEPOSIT of $4250 (security bond) and Defendant VINTAGE for $2493.85 (alleged balance). A true and correct copy of these notices are attached as Exhibit E.

49.    On January 27, 2023, the Defendant IQ DATA was advised of the disputed debt and the history  with respect to the Debts.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PLAINTIFF RENEE ZONA
### (AGAINST VINTAGE)

50.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

51.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(2)(a) by falsely representing the character, amount, or legal status of the Debt, to Plaintiff, RZ, that was the subject of a bona-fide dispute when it made a claim on the security bond.

52.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(2)(a) by falsely representing the character, amount, or legal status of the Debt, to Plaintiff, RZ, when it indicated in its December 7, 2022 letter that the Plaintiff only had 2 business days to seek resolution or that the claim would proceed as originally made. This is in direct contradiction to the plain language of Fla. Stat. 89.43(3)(b).

53.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(4) by falsely representing or implying that the nonpayment of the amounts sought in the

November 11, 2022 letter would result in the attachment to the security bond in its December 7, 2022 letter after same had been objected to by the Plaintiff when it stated that the Plaintiff only had 2 business days to seek resolution or that the claim would proceed as originally made. This is in direct contradiction to the plain language of Fla. Stat. 89.43(3)(b).

54.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(5) by falsely threatening to pursue the original claim if the Plaintiff did not resolve the matter within 2 business days in its December 7 letter. This is in direct contradiction to the plain language of Fla. Stat. 89.43(3)(b).

55.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(8) by communicating credit information to Defendant IQ DATA which was known to be disputed, as referenced in the December 7, 2022 letter.

56.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(8) by communicating credit information to Assurant FlexDeposit which was known to be disputed, as referenced in the December 7, 2022 letter and by accepting payment of the amount secured by the bond.

57.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(11) by failing to disclose in its initial written communication and subsequent writings that the Defendant VINTAGE was a debt collector and that any information would be used for collection purposes.

58.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(16) by using its fictitious name, only, in the collection of debts.

59.    Defendant, VINTAGE, violated FDCPA 15 U.S.C. § 1692f(1) by collecting amounts not authorized under Florida law when it made a full claim on the security bond without resolving the objection to the claim received from the Plaintiffs.

60.    Defendant, VINTAGE, violated FDCPA 15 U.S.C. § 1692f(6) by taking monies from a security bond without the present right to possession, and the collection of same was exempt collecting amounts not authorized under Florida law

when it made a full claim on the security bond without resolving the objection to the claim received from the Plaintiffs.

61.     Defendant, VINTAGE, violated FDCPA 15 U.S.C. § 1692f(g) by continuing to collect the disputed debt without receiving and providing verification of the debt.

62.     As a direct and proximate result of Defendant's, VINTAGE, failure to comply with the FDCPA as set forth above, the Defendant is liable to Plaintiffs for payment of damages as set forth in 15 U.S.C. 1692k. Plaintiff RZ has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using her credit worthiness. The Violations by HS have caused her to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of VINTAGE, and she has suffered emotional distress as a result of same.

WHEREFORE, Plaintiff, RENEE ZONA, requests that this Court award the following relief in favor of Plaintiff against the Defendant, VINTAGE:

a.     Actual Damages;

b.     The maximum amount of statutory damages provided under 15 U.S.C 1692k;

c.     Reasonable attorney's fees and the costs of this action; and

d.     Such other and further relief as this Court may deem just and proper.

## COUNT II – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO PLAINTIFF RENEE ZONA
(AGAINST VINTAGE)

63.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

64.     Defendant, VINTAGE violated FCCPA § 559.72(3) by threatening to continue proceeding under the initial claim on the security deposit after same was disputed without informing other parties of that dispute, specifically IQ DATA.

8

65.    Defendant, VINTAGE violated FCCPA § 559.72(6) by disclosing information concerning the existence of a debt known to be disputed without disclosing that fact as to, IQ DATA.

66.    Defendant, VINTAGE violated FCCPA § 559.72(9) by claiming, attempting,  or threatening to enforce a debt when Defendant knew that the debt was not legitimate, as to Plaintiff, RZ.

67.    Plaintiff RZ has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using her credit worthiness. The Violations by VINTAGE have caused her to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of VINTAGE, and she has suffered emotional distress as a result of same.

WHEREFORE,  Plaintiff, RENEE ZONA,  requests that this Court award the following relief in favor of Plaintiff against the Defendant, VINTAGE:

a.    Actual Damages;

b.    The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2).

c.    Reasonable attorney's fees and the costs of this action; and

d.    Such other and further relief as this Court may deem just and proper.

## COUNT III – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PLAINTIFF FLOYD CALHOUN
(AGAINST VINTAGE)

68.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

69.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(2)(a) by falsely representing the character, amount, or legal status of the Debt, to Plaintiff, FC, that was the subject of a bona-fide dispute when it made a claim on the security bond.

70.    Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(2)(a) by falsely representing the character, amount, or legal status of the Debt, to Plaintiff,

FC, when it indicated in its December 7, 2022 letter that the Plaintiff only had 2 business days to seek resolution or that the claim would proceed as originally made. This is in direct contradiction to the plain language of Fla. Stat. 89.43(3)(b).

71.     Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(4) by falsely representing or implying that the nonpayment of the amounts sought in the November 11, 2022 letter would result in the attachment to the security bond in its December 7, 2022 letter after same had been objected to by the Plaintiff when it stated that the Plaintiff only had 2 business days to seek resolution or that the claim would proceed as originally made. This is in direct contradiction to the plain language of Fla. Stat. 89.43(3)(b).

72.     Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(5) by falsely threatening to pursue the original claim if the Plaintiff did not resolve the matter within 2 business days in its December 7 letter. This is in direct contradiction to the plain language of Fla. Stat. 89.43(3)(b).

73.     Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(8) by communicating credit information to Defendant IQ DATA which was known to be disputed, as referenced in the December 7, 2022 letter.

74.     Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(8) by communicating credit information to Assurant FlexDeposit which was known to be disputed, as referenced in the December 7, 2022 letter and by accepting payment of the amount secured by the bond.

75.     Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(11) by failing to disclose in its initial written communication and subsequent writings that the Defendant VINTAGE was a debt collector and that any information would be used for collection purposes.

76.     Defendant, VINTAGE, violated FDCPA 15 U.S.C § 1692e(16) by using its fictitious name, only, in the collection of debts.

77.     Defendant, VINTAGE, violated FDCPA 15 U.S.C. § 1692f(1) by collecting amounts not authorized under Florida law when it made a full claim on

the security bond without resolving the objection to the claim received from the Plaintiffs.

78.    Defendant, VINTAGE, violated FDCPA 15 U.S.C. § 1692f(6) by taking monies from a security bond without the present right to possession, and the collection of same was exempt collecting amounts not authorized under Florida law when it made a full claim on the security bond without resolving the objection to the claim received from the Plaintiffs.

79.    Defendant, VINTAGE, violated FDCPA 15 U.S.C. § 1692f(g) by continuing to collect the disputed debt without receiving and providing verification of the debt.

80.    As a direct and proximate result of Defendant's, VINTAGE, failure to comply with the FDCPA as set forth above, the Defendant is liable to Plaintiffs for payment of damages as set forth in 15 U.S.C. 1692k. Plaintiff FC has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using his credit worthiness. The Violations by VINTAGE have caused her to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of VINTAGE, and he has suffered emotional distress as a result of same.

WHEREFORE, Plaintiff, FLOYD CALHOUN, requests that this Court award the following relief in favor of Plaintiff against the Defendant, VINTAGE:

a.    Actual Damages;

b.    The maximum amount of statutory damages provided under 15 U.S.C 1692k;

c.    Reasonable attorney's fees and the costs of this action; and

d.    Such other and further relief as this Court may deem just and proper.

**COUNT IV – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO FLOYD CALHOUN**
(AGAINST VINTAGE)

81.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

82.     Defendant, VINTAGE violated  FCCPA  §  559.72(3) by  threatening to continue proceeding under the initial claim on the security deposit after same was disputed without informing other parties of that dispute, specifically IQ DATA.

83.     Defendant, VINTAGE violated    FCCPA    §    559.72(6) by disclosing information concerning the existence of a debt known to be disputed without disclosing that fact as to, IQ DATA.

84.     Defendant, VINTAGE violated    FCCPA    §    559.72(9) by  claiming, attempting,  or threatening to enforce a debt when Defendant knew that the debt was not legitimate, as to Plaintiff, FC.

85.     Plaintiff FC has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using his credit worthiness. The Violations by VINTAGE have caused him to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of VINTAGE, and he has suffered emotional distress as a result of same.

WHEREFORE, Plaintiff, FLOYD CALHOUN, requests that this Court award the following relief in favor of Plaintiff against the Defendant, VINTAGE:

a.     Actual Damages;

b.     The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2).

c.     Reasonable attorney's fees and the costs of this action; and

d.     Such other and further relief as this Court may deem just and proper.

## COUNT V - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PLAINTIFF RENEE ZONA
(AGAINST IQ DATA)

86.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

87.    Defendant, IQ DATA, violated FDCPA 15 U.S.C § 1692e(2)(a) by falsely representing the character, amount, or legal status of the alleged debt as to Plaintiff, RZ.

88.    Defendant, IQ DATA, violated FDCPA 15 U.S.C § 1692e(2)(b) by falsely representing services which may be rendered by IQ DATA in the attempt to collect the alleged debt as to Plaintiff, RZ.

89.    Defendant, IQ DATA, violated FDCPA 15 U.S.C § 1692e(5) by threatening to take action which cannot be taken.

90.    Defendant, IQ DATA, violated FDCPA 15 U.S.C § 1692e(8) by failing to communicate that a disputed debt was disputed.

91.    As a direct and proximate result of Defendant's, IQ DATA, failure to comply with the FDCPA as set forth above, the Defendant is liable to Plaintiffs for payment of damages as set forth in 15 U.S.C. 1692k. Plaintiff RZ has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using her credit worthiness. The Violations by IQ DATA have caused her to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of IQ DATA, and she has suffered emotional distress as a result of same.

WHEREFORE, Plaintiff, RENEE ZONA, requests that this Court award the following relief in favor of Plaintiff against the Defendant, IQ DATA:

a.    Actual Damages

b.    The maximum amount of statutory damages provided under 15 U.S.C 1692k;

c.    Reasonable attorney's fees and the costs of this action; and

d.    Such other and further relief as this Court may deem just and proper.

**COUNT VI – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO PLAINTIFF RENEE ZONA**
(AGAINST IQ DATA)

92.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

93.    Defendant, IQ DATA violated  FCCPA  §  559.72(3) by  threatening to continue proceeding under the initial claim on the security deposit after same was disputed without informing other parties of that dispute.

94.    Defendant, IQ DATA violated  FCCPA  §  559.72(6) by disclosing information concerning the existence of a debt known to be disputed without disclosing that fact as to Plaintiffs and any third-party mailing system.

95.    Defendant, IQ DATA violated  FCCPA  §  559.72(9) by  claiming, attempting,  or threatening to enforce a debt when Defendant knew that the debt was not legitimate, as to Plaintiff, RZ.

96.    Plaintiff RZ has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using her credit worthiness. The Violations by IQ DATA have caused her to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of VINTAGE, and she has suffered emotional distress as a result of same.

WHEREFORE, Plaintiff, RENEE ZONA, requests that this Court award the following relief in favor of Plaintiff against the Defendant, IQ DATA

a.    Actual Damages;

b.    The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2).

c.    Reasonable attorney's fees and the costs of this action; and

d.    Such other and further relief as this Court may deem just and proper.

## COUNT VII - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PLAINTIFF FLOYD CALHOUN
(AGAINST IQ DATA)

97.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

98.     Defendant, IQ DATA, violated FDCPA 15 U.S.C § 1692e(2)(a) by falsely representing the character, amount, or legal status of the alleged debt as to Plaintiff, FC.

99.     Defendant, IQ DATA, violated FDCPA 15 U.S.C § 1692e(2)(b) by falsely representing services which may be rendered by IQ DATA in the attempt to collect the alleged debt as to Plaintiff, FC.

100.    Defendant, IQ DATA, violated FDCPA 15 U.S.C § 1692e(5) by threatening to take action which cannot be taken.

101.    Defendant, IQ DATA, violated FDCPA 15 U.S.C § 1692e(8) by failing to communicate that a disputed debt was disputed.

102.    As a direct and proximate result of Defendant's, IQ DATA, failure to comply with the FDCPA as set forth above, the Defendant is liable to Plaintiffs for payment of damages as set forth in 15 U.S.C. 1692k. Plaintiff FC has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using his credit worthiness. The Violations by IQ DATA have caused him to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of IQ DATA, and he has suffered emotional distress as a result of same.

WHEREFORE, Plaintiff, FLOYD CALHOUN, requests that this Court award the following relief in favor of Plaintiff against the Defendant, IQ DATA:

a.     Actual Damages;

b.     The maximum amount of statutory damages provided under 15 U.S.C 1692k;

c.     Reasonable attorney's fees and the costs of this action; and

d.     Such other and further relief as this Court may deem just and proper.

**COUNT VIII – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO PLAINTIFF FLOYD CALHOUN**
(AGAINST IQ DATA)

103.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

104.    Defendant, IQ DATA violated  FCCPA  §  559.72(3) by  threatening to continue proceeding under the initial claim on the security deposit after same was disputed without informing other parties of that dispute.

105.    Defendant, IQ DATA violated  FCCPA  §  559.72(6) by disclosing information concerning the existence of a debt known to be disputed without disclosing that fact as to Plaintiffs and any third-party mailing system.

106.    Defendant, IQ DATA violated  FCCPA   §  559.72(9) by claiming, attempting,  or threatening to enforce a debt when Defendant knew that the debt was not legitimate, as to Plaintiff, FC.

107.    Plaintiff FC has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using his credit worthiness. The Violations by IQ DATA have caused him to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of IQ DATA, and he has suffered emotional distress as a result of same.

WHEREFORE, Plaintiff, FLOYD CALHOUN, requests that this Court award the following relief in favor of Plaintiff against the Defendant, IQ DATA

a.    Actual Damages;

b.    The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2);

c.    Reasonable attorney's fees and the costs of this action; and

d.    Such other and further relief as this Court may deem just and proper.

## COUNT IX – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO PLAINTIFF FLOYD CALHOUN
(AGAINST HS)

108.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

109.    Defendant, HS violated    FCCPA    §    559.72(6), when its agent, Defendant, VINTAGE, communicated with third parties information concerning the existence of a debt known to be reasonably disputed by the Plaintiffs to Defendant IQ DATA.

110.    Defendant, HS violated    FCCPA    §    559.72(9) by    asserting the existence  of a legal right to collect the debt when Defendant knew the debt did not exist, as to Plaintiff, FC.

111.    Plaintiff FC has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using his credit worthiness. The Violations by HS have caused him to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of HS, and he has suffered emotional distress as a result of same.

WHEREFORE, Plaintiff, FLOYD CALHOUN, requests that this Court award the following relief in favor of Plaintiff against the Defendant, HS.

    a.    Actual Damages;

    b.    The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2);

    c.    Reasonable attorney's fees and the costs of this action; and

    d.    Such other and further relief as this Court may deem just and proper.

## COUNT X – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO PLAINTIFF RENEE ZONA
(AGAINST HS)

112.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 49 of this Complaint as though fully set forth herein.

113.    Defendant, HS violated    FCCPA    §    559.72(6), when its agent, Defendant, VINTAGE, communicated with third parties information concerning the existence of a debt known to be reasonably disputed by the Plaintiffs to Defendant IQ DATA.

114.    Defendant, HS violated    FCCPA    §    559.72(9) by    asserting the existence  of a legal right to collect the debt when Defendant knew the debt did not exist, as to Plaintiff, RZ.

115.    Plaintiff RZ has been damaged by these breaches. Specifically, the Plaintiff was attempting to secure funding for business property using her credit worthiness. The Violations by HS have caused her to be unable to secure funding in a commercial property resulting in a loss of over $5,000,000. Further, the Plaintiff has had to expend monies to dispute the debt in writing to the purported agents of HS, and she has suffered emotional distress as a result of same.

WHEREFORE, Plaintiff, RENEE ZONA, requests that this Court award the following relief in favor of Plaintiff against the Defendant, HS.

    a.    Actual Damages;

    b.    The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2);

    c.    Reasonable attorney's fees and the costs of this action; and

    d.    Such other and further relief as this Court may deem just and proper.

## **REQUEST FOR JURY TRIAL**

Plaintiffs, RENEE ZONA and FLOYD CALHOUN, respectfully request a jury trial on all issues so triable.

Respectfully submitted,

THE CONSUMER PROTECTION ATTORNEY, PA
Attorneys for Plaintiffs.
301 W. Platt St., #216.
Tampa, FL 33606
Phone: 813.252.0239
Email: bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com


By:    /s/ Bryant H. Dunivan Jr.
      Bryant H. Dunivan Jr., Esq.

Fla. Bar No.: 102594
MI P. No.: 85206